# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2026

Lyle W. Cayce
Clerk

_____

No. 25-30712

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ELIJAH MARTIN,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CR-54-1

_____

Before STEWART, ENGELHARDT, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Elijah Martin pleaded guilty to two counts of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1).[1] Martin timely appealed. Martin argues that § 922(g)(1) is unconstitutional

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] Prior to pleading guilty, Martin moved to dismiss the indictment based on the argument that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied to him, that it is unconstitutionally vague, and that it is unconstitutional because it exceeds Congress's power to regulate commerce. The district court denied the motion.

as applied to him. Martin's predicate felony convictions are for simple drug possession and for possession of a firearm by a felon. His existing conviction for firearm possession  was based on his conviction for simple drug possession. Martin argues that *United States v. Hembree* controls his appeal such that his convictions must be reversed. 165 F.4th 909 (5th Cir. 2026). The government concedes error and that the issue is foreclosed under *Hembree*.

In *Hembree*, our court reversed the defendant's § 922(g)(1) conviction predicated on a conviction for simple drug possession because it was unconstitutional as applied to him. *Id.* at 910. We held that in light of the Supreme Court's decision in *Bruen*, our court under *Diaz* takes a felony-by-felony approach to assess whether there is a sufficient historical analogue for the punishment of any of the § 922(g) predicate offenses. *Id.* at 912–13 (citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)); *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). Our court found that the government did not meet its burden to provide a historical analogue for simple drug possession under § 922(g)(1). *Id.* at 918. We further explained that although our court reasoned in *Kimble* that a predicate felony conviction of drug trafficking was constitutional, the decision was "narrow" and did not speak to whether there is a historical analogue to simple drug possession. *Id.* at 916–17 (citing *United States v. Kimble*, 142 F.4th 308 (5th Cir. 2025)), *cert. denied*, No. 25-5747, 2026 WL 135675 (U.S. Jan. 20, 2026).

The government similarly fails to present a historical analogue here. The district court relied on extending *Kimble*'s drug trafficking analogues to predicate drug possession convictions when denying Martin's motion to dismiss the indictment. But, as in *Hembree*, Martin's convictions are

No. 25-30712

predicated on simple drug possession, which we have since held to be unconstitutional and distinguishable from *Kimble*. *Id.* at 916–18.[2]

In light of the foregoing and the government's concession of error, the government has not met its burden to show that our history and tradition support Matin's predicate offenses under § 922(g)(1). We hold that Martin's convictions violate the Second Amendment as applied to him and REVERSE his convictions.

---

[2] Even Martin's felon-in-possession predicate would not suffice on its own considering it too is predicated on simple drug possession. *Diaz*, 116 F.4th at 468 (discussing that a firearm possession predicate under § 922(g)(1) was not considered a crime "until 1938 at the earliest," that being a felon today does not necessarily mean one would have been a felon in the 18th century, and instead considering the government's evidence "more specifically targeted to [the defendant's] circumstances.").